■   BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 6, TOWN OF BROOKHAVEN, Appellant, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 1, TOWNS OF BROOKHAVEN AND SMITHTOWN, Respondent. (And Two Other Actions.) — In three actions for declaratory judgments with respect to certain provisions of the Education Law, plaintiff appeals from three orders of the Supreme Court, Suffolk County, each entered April 23, 1965, which granted the respective defendants' motions to dismiss the complaint in each action. Orders modified by striking out so much of the decretal paragraphs in each such order as grants the motions to dismiss on the ground of lack of jurisdiction of the subject matter and failure to join the Commissioner of Education. As so modified, the orders are affirmed, without costs. In our opinion, plaintiff's complaints fail to state facts warranting declaratory relief. Assuming that joinder of additional parties is unnecessary and that the court below had jurisdiction of the alleged disputes between plaintiff and defendants (cf. Education Law, §§ 310, 2040, 2045), issues upon which we do not pass, plaintiff's actions are based upon contingencies that voters in defendants' districts will designate plaintiff in 1966 as a school district with which to contract pursuant to section 2040 of the Education Law. Whether plaintiff will be designated is, upon the facts before us, conjectural, and hence Special Term properly exercised its discretion in dismissing the complaints (see Borchard, Declaratory Judgments [2d ed.], pp. 415–424). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■   JACOB GINSBERG, Appellant, v. LEVBOURNE REALTY CO., INC., Respondent.— In an action to recover damages for personal injury allegedly sustained by the plaintiff while a guest at the defendant's hotel, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered November 15, 1963 after a jury trial, which dismissed the complaint at the end of the entire case. Judgment reversed on the law and a new trial granted, with costs to plaintiff to abide the event. No questions of fact have been considered. In our opinion, the learned Trial Justice erred in dismissing the complaint at the close of the entire case. Considering the evidence adduced at the trial in the aspect most favorable to the plaintiff and according him the benefit of every favorable inference which can reasonably be drawn from such evidence, we find that issues of fact were presented for the determination of the jury as to whether or not plaintiff established actionable negligence on the part of the defendant and whether or not plaintiff was guilty of contributory negligence. Christ, Acting P. J., Rabin and Hopkins, JJ., concur; Hill and Benjamin, JJ., dissent and vote to affirm the judgment.